IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAURA K.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 21 C 3446 |
| v. | ) | |
| | ) | Magistrate Judge |
| KILOLO KIJAKAZI, Acting | ) | Maria Valdez |
| Commissioner of Social Security,[2] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Laura K.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 11] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No. 14] is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

I. PROCEDURAL HISTORY

On July 1, 2019, Plaintiff filed a claim for DIB, alleging disability since May 31, 2019. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on November 17, 2020, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") and Plaintiff's husband also testified.

On January 12, 2021, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of May 31, 2019. At step two, the ALJ concluded that Plaintiff had the following severe impairments: mild cognitive disorder and anxiety disorder. The ALJ concluded at step three that

2

Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertional limitations: should avoid concentrated exposure to lung irritants and work hazards, such as unprotected heights and dangerous moving machinery; can understand, remember, carry out, and sustain no more than simple routine tasks, performing the same tasks day in and day out; should not be required to travel to different places to do job tasks, but is able to go to the same work site day in and day out; and should not handle money, billing, or accounting for work purposes. At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as an office manager. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff could perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## **DISCUSSION**

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

II.   **JUDICIAL REVIEW**

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate

to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his

conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ improperly rejected the medical opinion evidence from Plaintiff's neurologist; (2) the ALJ erred in rejecting opinion evidence from an examining psychologist; and (3) the ALJ erred in considering the vocational implications of Plaintiff's cognitive impairment and anxiety. Each argument will be addressed below in turn.

### A.     The ALJ's Assessment of Dr. Zoran Grujic's Opinions

Plaintiff argues that the ALJ improperly discounted the opinions of her treating neurologist, Dr. Zoran Grujic. Because Plaintiff filed her claim in 2019, the ALJ was required to evaluate the medical opinion evidence under regulations applicable to claims filed on or after March 27, 2017. 20 C.F.R. § 404.1520c (2017). Under these regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). An ALJ is instead required to articulate "how persuasive [she] find[s] all of the medical opinions and all of the prior administrative medical findings in [a claimant's] case record." 20 C.F.R. § 404.1520c(b). Factors to be considered in this evaluation include supportability, consistency, relationship with the claimant, specialization, and other factors that tend to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(a), (c). Supportability and consistency are the two most important factors. 20 C.F.R. § 404.1520c(a); *see* 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."). An ALJ's decision must explain how she considered the factors of supportability and consistency, but she is not required to explain how she evaluated the other factors. 20 C.F.R. § 404.1520c(b)(2).

7

In her decision, the ALJ noted Dr. Grujic's opinions, including his opinions that Plaintiff has deficits in her learning, memory, executive functioning, and in her ability to carry out short and simple instructions. In discounting but partly crediting Dr. Grujic's opinions, the ALJ explained as follows:

> After review, the undersigned does not find Dr. Grujic's opinion on this form persuasive overall. Dr. Grujic did not refer to the medical evidence or to specific events to support his opinion. Nonetheless, based on his treatment relationship with the claimant as her neurologist, his opinion is given some consideration to find that she has more than a mild limitation in her ability to understand, remember, or apply information and to concentrate, persist, or maintain pace and therefore to limit the claimant to simple, routine tasks. Still, the undersigned notes that the claimant retains the ability to understand, remember, or apply information and to concentrate, persist, or maintain pace to drive and is also able to go out on her own, which seems inconsistent with Dr. Grujic's assessment of the claimant having such substantial limitations due to memory/learning/executive functioning. . . . The undersigned notes that Dr. Grujic's treatment notes show only a "mild" cognitive disorder and his most recent visit notes that the claimant's isolated memory loss has been going on for the past six years, with increased evidence of forgetting, but there is no indication that her cognitive/memory problems have worsened[3] to corroborate to the substantial limitations assessed and otherwise he found that her anxiety was stable.

(R. 26-27 (citations omitted).)

So, in sum, the ALJ discounted Dr. Grujic's opinions because he did not reference specific medical evidence and his opinions were inconsistent with Plaintiff's daily activities and with Dr. Grujic's own diagnosis (mild as opposed to major cognitive disorder, indicating modest cognitive decline and mental changes

---

[3] Plaintiff takes issue with the ALJ's characterization of the progression of Plaintiff's impairments, asserting that her mental impairments were in fact progressing. However, the Court agrees with Defendant that the ALJ's characterization is not an error requiring remand, as "the ALJ expressly acknowledged the October 2020 treatment note that reflected increased forgetting." (Def.'s Memo. at 5.)

not severe enough to significantly interfere with life activities).[4] Given the ALJ's explicit rationales, the Court finds that the ALJ properly assessed and explicated supportability and consistency in discounting Dr. Grujic's opinions. *See* 20 C.F.R. § 404.1520c(b)(2). The Court declines Plaintiff's invitation to reweigh the evidence in relation to Dr. Grujic's opinions, which is forbidden. *See Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021). Furthermore, the Court rejects Plaintiff's contention that the ALJ impermissibly "played doctor" in relation to Dr. Grujic's opinions, as the the ALJ was not erroneously "playing doctor" by considering and weighing the evidence in relation to the various medical opinions. *See Armstrong v. Barnhart*, 287 F. Supp. 2d 881, 886-87 (N.D. Ill. 2003) ("Our review of the record indicates that the ALJ was not 'playing doctor,' but performing his duty to consider and weigh the evidence.").

### B. The ALJ's Assessment of Dr. Jamie Janssen's Opinions

Plaintiff also claims error with respect to the ALJ's assessment of the opinions of Dr. Jamie Janssen, who performed a psychological evaluation of Plaintiff. In her decision, the ALJ noted Dr. Janssen's opinions, including her opinions that Plaintiff was unable to make simple work-related decisions and complete a normal workday without interruptions from psychologically based symptoms. The ALJ evaluated Dr. Janssen's opinions as follows:

---

[4] Plaintiff makes much of Dr. Grujic's notation of "(Alzheimer's) pathology in the differential." (Pl.'s Memo. at 4.) However, as Defendant points out, "differential" means only "that the diagnosis was not excluded from possibility." (Def.'s Memo. at 5.) Plaintiff does not appear to contend that she had Alzheimer's over the relevant time period.

9

> After review, the undersigned does not find Dr. Janssen's opinion to be persuasive overall. It is noted that Dr. Janssen is not a treating provider, but rather appears to have been hired by the claimant's representative to conduct this evaluation over the course of two dates. . . . Also, Dr. Janssen does not reference [sic] to the medical record, such as treatment notes, findings, specific events or her own observations to support her opinion, which consists of check marks on a form. Further, Dr. Janssen does not discuss how the claimant is able to go out alone, to maintain the ability to understand, remember, or apply information and to concentrate, persist, or maintain pace to drive and also to handle cash at the store, despite Dr. Janssen's assessment of such significant mental/cognitive limitations. As such, the undersigned finds this opinion lacks supportability/consistency with the record.

(R. 27.) So, in sum, the ALJ discounted Dr. Janssen's opinions because they were not supported by the medical record and were inconsistent with Plaintiff's activities of daily living. Given the ALJ's explicit rationales, the Court finds that the ALJ properly assessed and explicated supportability and consistency in discounting Dr. Janssen's opinions. *See* 20 C.F.R. § 404.1520c(b)(2). The Court again declines Plaintiff's invitation to reweigh the evidence in relation to Dr. Janssen's opinions, which the Court cannot do. *See Gedatus*, 994 F.3d at 900.

Per the quoted passage above, the ALJ noted the nature of the apparent referral relationship between Plaintiff and Dr. Janssen. Plaintiff asserts that "the ALJ erroneously states that Dr. Janssen was hired by the Plaintiff's attorney" as "[t]he Plaintiff's attorney, the Plaintiff and Dr. Janssen wrote letters to dispute that the Plaintiff's attorney hired Dr. Janssen or paid for the evaluation." (Pl.'s Memo. at 9.) However, as Defendant points out, the letters Plaintiff cites were submitted after the ALJ issued her decision and "Dr. Janssen's report identified plaintiff's attorney by name and stated that plaintiff was obtaining the assessment at her attorney's request." (Def.'s Memo. at 8.) Under the circumstances, the Court agrees with

10

Defendant that this "was the evidence before the ALJ, and she did not err in noting it." (*Id.*) *See Shannon M. v. Saul*, No. 18 C 7074, 2020 WL 264522, at *10 (N.D. Ill. Jan. 17, 2020). Further, as Defendant also persuasively points out, "[w]hether plaintiff's attorney paid for Dr. Janssen's examination does not change the fact that Dr. Janssen did not have an on-going treatment relationship with plaintiff." (Def.'s Memo. at 9.)

### C. Alleged Off-Task Time

Plaintiff's third argument boils down to an assertion[5] that the ALJ did not properly consider the amount of breaks Plaintiff would require. According to Plaintiff, "Dr. Mercury, in his 2017 Neuropsychological Testing report, recommends taking 'scheduled breaks' at 50 minutes for 10 minutes" and "[t]he ALJ erred in failing to incorporate this opinion in her RFC." (Pl.'s Memo. at 11.) However, the cited record – from nearly two years before Plaintiff alleged becoming disabled and while she was still working – actually stated: "Try a break at 50 minutes for about 10 minutes to see if this helps you to be able to work more effectively." (R. 359.) As Defendant points out, this is not a definitive statement that Plaintiff would be off task for 10 minutes every hour and thus unable to work. And, ultimately, the Court agrees with Defendant that "[t]he ALJ was not obligated to accept, or even discuss,

---

[5] Plaintiff's brief makes one passing reference to the issue of concentration, persistence, or pace, but Plaintiff does not actually advance any arguments on that topic. The Court need not consider Plaintiff's wholly undeveloped argument. *See Hernandez v. Cook Cty. Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011) ("It is well established in our precedents that 'skeletal' arguments may be properly treated as waived.") (citation omitted).

11

this recommendation for improving work effectiveness offered two years prior to plaintiff's alleged onset of disability." (Def.'s Memo. at 11.)

## CONCLUSION

For the foregoing reasons, the points of error raised by Plaintiff are not well taken. Accordingly, Plaintiff's motion for summary judgment [Doc. No. 11] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No. 14] is granted.

**SO ORDERED.**   **ENTERED:**

**DATE:   November 3, 2022**   _____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**